**SUFFOLK FEDERAL CREDIT UNION, Plaintiff(s),**

v.

**CUMIS INSURANCE SOCIETY, INC., Defendant(s).**

**No. CV 10–0001(ADS)(ETB).**

United States District Court, E.D. New York.

Oct. 19, 2010.

Frankfurt Kurnit Klein & Selz PC, by Amelia K. Seewann, Esq., New York, NY, for Plaintiff.

Sedgwick, Detert, Moran & Arnold LLP, by Arthur H. Aizley, Esq., New York, NY, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

E. THOMAS BOYLE, United States Magistrate Judge:

Before the Court is plaintiff's letter motion to compel the production of certain reinsurance information from the defendant. Defendant objects to the production of the requested information on the grounds that, *inter alia,* it is not relevant. For the follow-

ing reasons, plaintiff's motion to compel is granted.

## FACTS

The plaintiff, Suffolk Federal Credit Union ("SFCU"), commenced this action seeking declaratory relief and damages for breach of contract, alleging that the defendant, CUMIS Insurance Society, Inc. ("CUMIS"), has failed to pay monies due under a fidelity bond it issued for certain losses sustained by SFCU as the result of the wrongful acts of CU National Mortgage, LLC, an outside company with whom SFCU conducted business. During discovery, SFCU served upon CUMIS its First Set of Interrogatories, which included Interrogatory No. 8, which requested as follows:

> Does CUMIS have any facultative or treaty reinsurance which could indemnify CUMIS and/or Suffolk for any of the Losses under the Bond? If the answer is yes, identify those reinsurers.

(Pl. Letter Mot. dated Oct. 8, 2010, Ex. A, Interrogatory No. 8.) CUMIS objected to the interrogatory request on the grounds that it is "overly broad, unduly burdensome, [and] seeks information not relevant to any claim or defense asserted by either party." (Pl. Letter Mot., Ex. B at 4.) SFCU now seeks to compel the production of the information requested in Interrogatory No. 8 on the grounds that it is indeed relevant to its claims and is not overbroad or unduly burdensome.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) provides that, as part of initial disclosures, a party "must, without awaiting a discovery request, provide to the other parties ... any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed.R.Civ.P. 26(a)(1)(A)(iv).[1] "As a number of courts have held, reinsurance agreements fit within the plain language of this rule when

the primary insurer is named as a party." *Imperial Trading Co., Inc. v. Travelers Property Cas. Co.,* No. 06–4262, 2009 WL 1247122, at *2, 2009 U.S. Dist. LEXIS 41372, at *6 (E.D.La. May 5, 2009) (collecting cases); *see also United States Fire Ins. Co. v. Bunge N. Am., Inc.,* 244 F.R.D. 638, 642 (D.Kan.2007) (stating that "because reinsurers 'carry[ ] on an insurance business' and 'may be liable ... to indemnify [insurers] for payments made to satisfy the judgment,' reinsurance agreements fall within the plain language of the rule") (quoting *National Union Fire Ins. Co. v. Continental Illinois Corp.,* 116 F.R.D. 78, 84 (N.D.Ill.1987)). Moreover, "[t]he rule is absolute ... and does not require any showing of relevance." *United States Fire Ins.,* 244 F.R.D. at 641 (citation omitted).

Although there is a split among courts as to whether insurance information, and more specifically, reinsurance information, is relevant discovery, the Advisory Committee's Notes to the 1970 Amendments to Rule 26 at "subdivision (b)(2)" specifically state that the amendment resolves the issue "in favor of disclosure." Fed.R.Civ.P. 26 1970 advisory committee's note "subdivision (b)(2)" (predecessor to the current provision 26(a)(1)(A)(iv). According to the Advisory Committee, "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." *Id.* "Disclosure is required when the insurer 'may be liable' on part or all of the judgment." *Id.*

Although case law is sparse within the Second Circuit, the few cases to consider the issue have determined that reinsurance information is indeed discoverable. *See, e.g., Stonewall Ins. Co. v. National Gypsum Co.,* No. 86 Civ. 9671, 1988 WL 96159, at *5 (S.D.N.Y. Sept.6, 1988) (ordering production of reinsurance information); *Maryland Cas. v. W.R. Grace & Co.,* No. 83–7451, slip op. (S.D.N.Y. Mar. 4, 1985) (same). Accordingly,

---

1. The Advisory Committee's Notes to the 1993 Amendments to this rule state that the initial disclosures serve to provide parties with certain "basic information," including the existence of insurance, which "is needed in most cases to prepare for trial or to make an informed decision about settlement." Fed.R.Civ.P. 26 1993 advisory committee's note.

"to the extent that [CUMIS] is party to any agreement that obligates a reinsurer 'to satisfy all or part of a possible judgment [against CUMIS] in the action or to indemnify or reimburse [CUMIS] for payments made to satisfy the judgment,' [CUMIS] must produce that agreement." *Imperial Trading Co.*, 2009 WL 1247122, at *2, 2009 U.S. Dist. LEXIS 41372, at *6.

Based on the foregoing, plaintiff's motion to compel is granted. CUMIS is directed to provide the plaintiff with the information requested in Interrogatory No. 8 within ten (10) days of the date of this Order.

*CONCLUSION*

For the foregoing reasons, plaintiff's motion to compel the production of certain reinsurance information sought in Interrogatory No. 8 of its First Set of Interrogatories is granted. Defendant is directed to provide the plaintiff with the requested information within ten (10) days of the date of this Order.

**SO ORDERED.**